UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN BOOTH,

    Plaintiff,                                                                Case No. 18-10046

v.                                                                         HON. AVERN COHN

TRANS UNION, LLC., EXPERIAN
INFORMATION SOLUTIONS, INC.,
INDEPENDENT BANK CORPORATION,
REUNION STUDENT LOAN FINANCE,
XEROX EDUCATION SERVICES, INC.,
ACS EDUCATION SERVICES, INC.,

    Defendants.
_____/

## MEMORANDUM AND ORDER
## DENYING DEFENDANT REUNION STUDENT LOAN FINANCE'S MOTION FOR SUMMARY JUDGMENT OR TRANSFER OF VENUE (Doc. 27)[1]

I. Introduction

This is a Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (FCRA) case. Plaintiff John Booth (Booth) has sued defendants Trans Union, LLC (Trans Union), Experian Information Solutions (Experian), Independent Bank Corporation, Reunion Student Loan Finance Corporation (RSL), and Xerox Education Services, d/b/a ACS Education Services (ACS).[2] In general, Booth claims that his ex-wife forged his signature on student loan applications, and that RSL and the other defendants failed to

---

    [1]Although originally scheduled for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

    [2]Booth dismissed Experian (Doc. 15) and settled with Trans Union (Doc. 30). Thus, only Independent Bank Corporation, RSL, and ACS remain as defendants.

properly investigate his dispute, respond as obligated under the FCRA, and remove the student loan debts from his credit report despite numerous requests.

Before the Court is RSL's "motion for summary judgment or to transfer venue" on the grounds that (1) Booth's claim is time-barred, (2) venue is improper due to a forum selection clause in the promissory note. (Doc. 27).[3] For the reasons that follow, the motion will be denied.

## II. Background

### A. Timeliness

The complaint alleges that in 2011, Booth discovered his ex-wife had forged his signature on multiple student loan applications. On January 19, 2012, Booth filed for Chapter 7 Bankruptcy, reaffirming his house mortgage and car loan, which was discharged on April 17, 2012. On March 19, 2013, Booth filed a police report regarding the fraudulent errant trade lines (the disputed student loans). On August 22, 2017, Booth obtained his credit report and noticed the disputed student loans remained on his report. Booth then sent a letter to Experian, Trans Union, and Equifax around October 19, 2017, disputing the loans and asking for them to be corrected. They forwarded his dispute to RSL. Although Experian, Trans Union, and Equifax were supposed to inform Booth of the results of their investigation, Booth says they failed to do so. Booth then obtained copies of his credit file from each between November 30-December 6, 2017, and found that Equifax had removed the student loans from his report but Trans Union had not.

---

[3]Although styled as a motion for summary judgment, the motion is more appropriately considered a motion to dismiss and the Court will treat it as such.

On December 18, 2017, Booth filed a complaint against defendants in state court. Defendants later removed the case to federal court.

## B. Forum Selection Clause

The promissory note contains the following clause:

> I hereby agree that this Promissory Note and related documents shall be construed and enforced according to the laws of the state of South Dakota and I consent to the long arm jurisdiction of courts in the state of South Dakota for this purpose. I further agree that any action in any manner to this Note and/or related documents shall be litigated or processed in the state of South Dakota." [4]

(Doc. 27, Ex. A)

## III. Legal Standard

A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. The Rule requires that a complaint "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (internal citation omitted). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662; 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation."

"In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), th[e] Court

---

[4] The record contains three (3) promissory notes. Two of the notes name South Dakota as the proper forum; the other names North Dakota.

may only consider 'the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice.'" Murray v. Geithner, 624 F. Supp. 2d 667, 671 (E.D. Mich. 2009) (citing 2 James Wm. Moore et al., Moore's Federal Practice 12.342 (3d ed. 2000)); see also Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997) (holding that a document incorporated by reference in a complaint can be introduced by a defendant if it is not attached by plaintiff).

IV. Analysis

A. Timeliness

1. Applicable Law

The FCRA states that, "An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of- (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

2. Parties' Arguments

RSL says that the tolling began when Booth first discovered the fraudulent loans in 2011, and under 15 U.S.C. § 1681p(1) claims under the FCRA must be filed within two years of the date plaintiff discovered the violation that is the basis for liability. RSL counts Booth's initial 2011 discovery of the fraudulent loans as the basis, and further adds that even if the tolling began after Booth's March 19, 2013 police report filing, and dates instead to an October, 2015, communication with RSL, the two years was run by

October 2017 at the latest, and therefore this claim, filed in December of 2017, is time-barred.

Booth argues that the violation giving rise to the liability is not the existence of the fraudulent student loans, but RSL's improper investigation and refusal to remove them from his credit report after he disputed them. Because he discovered this on November 30, 2017, the complaint filed on December 18, 2017, is well within the two year statute of limitations.

### 3. Discussion

The real dispute on this issue is what the violation is, as that determines when the tolling begins. The question is whether the claimed violation is the fraudulent student loans or RSL's failure to properly investigate and remove the student loans. If the violation is the fraudulent loans themselves as RSL contends, the claim is time-barred and must be dismissed. If the violation is RSL's failure to properly investigate and remove the loans from Booth's credit report, as Booth claims, this suit is well within time and should not be dismissed.

The FCRA provides a process for dispute resolution:

> Subject to subsection (f) of this section, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1)(A).

The consumer reporting agency must promptly notify the furnisher (here, RSL),

and upon completion of the investigation:

> If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall- (I) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

15 U.S.C. § 1681i(5)(A).

At the conclusion of the investigation, "[a] consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency." 15 U.S.C. § 1681i(6)(A).

Booth alleges, and RSL does not dispute, that the investigation required was not properly carried out, and Booth was also never notified of the results as required under the law. Booth's claim is that this failure to investigate and remove the student loans is what constitutes this sued-upon violation, not the mere existence of the fraudulent loans themselves. Thus, Booth is correct that the complaint is not time barred because it was filed within two years of the alleged legal wrong under the FCRA.

### B. Forum Selection Clause

#### 1. Applicable Law

It is a well-established principal that the entirety of a contract, including the choice of forum clause, is invalidated by fraud. In M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), the Supreme Court stated that choice of forum clauses should always be enforced, unless the opposing party, "could clearly show that enforcement

6

would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."  "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy.  Lipcon v. Underwriters at Lloyd's, London, 148 F.3d at 1296 (11th Cir. 1998)(citation omitted).

In order to plead fraud, the Federal Rules of Civil Procedure impose a "particularity" requirement on "all averments of fraud or mistake,"  Fed. Rule Civ. Proc. 9(b).  Here, Booth has alleging fraud and is meeting the particularity requirement in his outline of exactly how the fraud occurred (ex-wife's forging his signature).

### 2.  Parties' Arguments

RSL says that the forum selection clause in the promissory note controls and therefore venue is proper in South Dakota state court.  Booth says that because he has alleged fraud, the forum selection clause should not be enforced.  Booth also says that while his FCRA claims relate to the promissory note, his claims are not covered by the promissory note because he is not seeking to enforce or interpret any of its terms.

### 3.  Discussion

Booth has the better view.  His allegations of fraud are sufficient to raise an issue of whether the forum selection clause should be enforced.  More to the point, however, is that his claims arise under the FCRA, not the promissory note.  The substance of Booth's FCRA claim is that RSL and the other defendants failed to properly investigate his dispute, respond as obligated under the FCRA, and remove the student loan debts

from his credit report despite numerous requests. His claims do not rely on the promissory note but instead on his rights as a consumer under the FCRA. Under these circumstances, the forum selection clause does not apply. See Xiao Wei Yang Catering Linkage in Inner Mongolia Co., LTD. v. Inner Mongolia Xiao Wei Yang USA, Inc., 150 F. Supp. 3d 71, 79–80 (D. Mass. 2015) (forum selection clause in a cooperation agreement did not apply to trademark claims which did not depend on interpretation of the cooperation agreement); Altvater Gessler–J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A., 572 F.3d 86, 91 (2d Cir.2009) (holding that forum selection clause did not apply to trademark claims because those claims "d[id] not sound in contract and [were] not based on rights originating from the licensing agreements"); Cheever v. Acad. Chicago Ltd., 685 F.Supp. 914, 916–17 (S.D.N.Y.1988) (ruling that forum selection clause mandating that "contractual rights arising from th[e] agreement ... clearly belong[ ] in Chicago" did not apply to copyright claims because those claims "[were] not a part of the publishing agreement"). See also Corcovado Music Corp. v. Hollis Music, Inc., 981 F.2d 679, 681 (2d Cir.1993) (declining to subject copyright claims to the forum selection clause after adopting plaintiff's position that "[w]hat [was] fundamentally at stake ... [was] the vindication of rights under the Copyright Act, not the interpretation of a contract"). Here, the issue is the vindication of Booth's rights under the FCRA, not the interpretation of the promissory note. The forum selection clause and its venue provision simply do not apply to Booth's claim.

V. Conclusion

For the reasons stated above, RSL's motion is DENIED.

SO ORDERED.

                                                <u>S/Avern Cohn</u>
                                                AVERN COHN
                                                UNITED STATES DISTRICT JUDGE

Dated: 6/21/2018
      Detroit, Michigan